[Cite as *State v. Sayles*, 2025-Ohio-290.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TERRELL D. SAYLES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 JE 0012**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 18 CR 215B

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, for Plaintiff-Appellee and

*Atty. Mark C. Eppley*, Eppley Legal Group, for Defendant-Appellant.

Dated: January 30, 2025

**HANNI, J.**

{¶1}   Defendant-Appellant, Terrell D. Sayles, appeals from a Jefferson County Common Pleas Court judgment overruling his motion to file a motion for new trial under Crim.R. 33.  He contends that the trial court violated his constitutional rights because he did not receive an unredacted version of a DEA investigation report prior to entering his guilty plea.  He asserts that the trial court abused its discretion by finding that he lacked sufficient facts to support his claim that he was unavoidably prevented from discovering facts pertaining to the report.

{¶2}   We hold that the trial court reached the right result but for the wrong reason. The court incorrectly ruled on the substance of Appellant's Crim.R. 33 motion rather than address his motion for leave to file that motion.  However, the dismissal itself was correct because Appellant entered a guilty plea in this case and cannot challenge his convictions through a Crim.R. 33 motion for a new trial.

{¶3}   On January 8, 2019, Appellant was indicted on a number of drug and weapons charges stemming from conduct occurring in 2018.  On August 13, 2019, Appellant, with counsel, entered a guilty plea to an amended indictment charging him with: (1) fourth-degree felony drug trafficking in violation of R.C. 2925.03(A)(1) and (C)(4)(b) with school and forfeiture specifications; (2) two counts of felony-three drug trafficking in violation of R.C. 2925.03(A)(1) and (C)(4)(c) with school and forfeiture specifications; (3) first-degree felony drug possession in violation of R.C. 2925.11(A) and (C)(4)(f) with school and forfeiture specifications; and (4) two counts of third-degree felony having weapons while under disability in violation of R.C. 2923.13(A)(3)(c).

{¶4}   On August 13, 2019, the trial court sentenced Appellant to: 18 months in prison on Count 1; 3 years each on Counts 2, 3, 5 and 6; and 10 years of mandatory prison time on Count 4.  The court ran all counts concurrent for 10 years of mandatory time in prison.

{¶5}   On June 10, 2024, Appellant filed a motion for leave to file a motion for a new trial under Crim.R. 33(A)(6).  He asserted that while a motion for new trial had to be filed within 120 days after the verdict, time could be extended where a defendant shows

clear and convincing proof that he was unavoidably prevented from discovering the evidence.

**{¶6}** Appellant acknowledged that he was provided with a redacted copy of a Report of Investigation of the U.S. Department of Justice Drug Enforcement Agency (DEA Report) during discovery. He alleged that he discovered that the unredacted version of the DEA Report contained references to individuals who were not part of his case. He also contended that the DEA Report contained other "substantial and vital information," such as a file number and title, and a G-DEP Identifier.

**{¶7}** On June 26, 2024, Appellant filed an amended motion for leave to file a motion for new trial under Crim.R. 33. He again cited Crim.R. 33(A)(6) and alleged that the unredacted version of the DEA Report contained references to individuals that were not a part of his case. He contended the same "substantial and vital information," of a file number and title and a G-DEP Identifier. He asserted that his name was not the name blacked out on his redacted version and this Report was used to convict him.

**{¶8}** On July 8, 2024, the trial court denied both of Appellant's motions. The court held that both versions of the DEA Report detailed the same search and stated that Appellant appeared during the search and admitted that he owned the apartment that the police were searching. The court found that the only information redacted was "housekeeping" information, such as file numbers. The court held that none of the redacted information would have helped Appellant at trial.

**{¶9}** On August 2, 2024, Appellant filed the instant appeal, asserting three assignments of error. All assignments of error relate to the DEA Report. The assignments of error state:

> **1. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO PRESENT A COMPLETE DEFENSE AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.**
>
> **2. THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL DUE TO *BRADY V. MARYLAND* VIOLATIONS BY THE STATE, OR IN THE ALTERNATIVE A COMPLETE KNOWLEDGE AS TO**

**MATERIAL FACTS AND/OR EVIDENCE PRIOR TO RENDERING HIS PLEA.**

**3.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THE PETITIONER DID NOT PRESENT SUFFICIENT FACTS TO SUPPORT HIS CLAIM OF BEING UNAVOIDABLY PREVENTED FROM DISCOVERING THE FACTS PERTAINING TO THE REDACTED REPORT OF INVESTIGATION DATED DECEMBER 20, 2018.**

{¶10} We note that the trial court ruled on the merits of a Crim.R. 33(B) motion rather than ruling on Appellant's motion for leave to file a Crim.R. 33 motion.  The Ohio Supreme Court has held that:

> When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave.  *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 41, citing *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, 2011 WL 828382, ¶ 14.  The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial. Crim.R. 33(B).

*State v. Hatton*, 2022-Ohio-3991, ¶ 30.

{¶11} Thus, the trial court erred in its reason for dismissing Appellant's motion for leave to file a motion for a new trial.

{¶12} However, "a Crim.R. 33 motion for a new trial does not provide means for challenging a conviction entered upon a guilty plea."  *State v. Hamberg,* 2015-Ohio-5074, ¶ 10 (1st. Dist.), citing *State v. Frohner*, 150 Ohio St. 53 (1948), at paragraph thirteen of the syllabus ("[a] plea of guilty in a criminal case precludes the defendant from thereafter making a motion for new trial").  Since Appellant entered a guilty plea, a Crim.R. 33 motion

was an improper vehicle to challenge his guilty plea.  Thus, while the trial court erred by applying the Crim.R. 33 standard to the motion for leave to file a motion for a new trial, its judgment was legally correct in dismissing Appellant's motion because he entered a guilty plea.  Appellant used the wrong vehicle to present his assertions to the trial court.

{¶13}  Where the trial court reaches the right result, but for the wrong reasons, an appellate court will affirm the judgment if it is legally correct on other grounds.  *State v. Roberts*, 2016-Ohio-4806, ¶ 23 (7th Dist.), citing App.R. 12(B).  We may do so because there has been no prejudice to the appealing party.  *Id.; see also State v. Blanton,* 2023-Ohio-89, ¶ 33 (2d Dist.); *State v. Spaulding*, 2018-Ohio-3663 (9th Dist.).

{¶14}  Here, no prejudice exists to Appellant as the trial court correctly denied his motion for leave to file a Crim.R. 33 motion for a new trial, even though it erred by applying the Crim.R. 33 standard.  Appellant cannot file a Crim.R. 33 motion because he entered a guilty plea.

{¶15}  Accordingly, all of Appellant's assignments of error are without merit and are overruled.

{¶16}  For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**